UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**LORENE CANTERBURY,**

    Movant

v.                             CIVIL ACTION NOS. 2:10-1305
                                                           2:10-1346
                                              (Criminal No. 2:08-00151-01)

**UNITED STATES OF AMERICA,**

    Respondent

## MEMORANDUM OPINION AND ORDER

This action was previously referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to the court of her Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636.

On December 9, 2008, the United States filed a two-count superseding indictment naming movant. Count One charged her with conspiring to knowingly and intentionally distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846. Count Two charged a conspiracy to conduct financial transactions affecting interstate commerce involving the proceeds of specified unlawful activity, a violation of 18 U.S.C. § 1956(h). On May 14, 2009, movant pled guilty to both counts.

On August 27, 2009, the presiding district judge entered Judgment. Movant was, <u>inter alia</u>, committed to the custody of the United States Bureau of Prisons for a total term of 162 months, to be followed by a five-year term of supervised release. Movant did not appeal. Her conviction became final on September 14, 2009.

On February 15, 2011, the magistrate judge filed her proposed findings and recommendation ("PF&R"). The PF&R adequately explains the procedural history of movant's two petitions for postconviction relief that are presently before the court. The magistrate judge recommends that movant's two petitions be construed as motions pursuant to 28 U.S.C. § 2255. So construed, the magistrate judge further recommends that the motions be denied as untimely pursuant to the limitations bar found in section 2255. The magistrate judge additionally observes that movant is not, in any event, entitled to relief based upon <u>Skilling v. United States</u>, --- U.S. ----, ----, 130 S. Ct. 2896, 2907 (2010). On March 7, 2011, movant objected.

Movant's objections do not counter the magistrate judge's well reasoned discussion respecting the limitations bar

and the inapplicability of Skilling.[1]  The court, accordingly, concludes that movant's objections lack merit.

Based upon a de novo review, and having found the objections meritless, the court adopts and incorporates herein the magistrate judge's PF&R.  The court, accordingly, ORDERS that these actions be, and they hereby are, dismissed.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the United States Magistrate Judge.

DATED: April 26, 2011

John T. Copenhaver, Jr.
United States District Judge

---

[1]Movant additionally appears to rely upon the plurality decision in United States v. Santos, 553 U.S. 507 (2008).  In Santos, four Justices concluded that the term "proceeds" in the federal money-laundering statute, 18 U.S.C. § 1956(a)(1), means "profits" from the venture and not its "receipts."  Id. at 2025.  Inasmuch as movant fails to explain how Santos applies to her case, her objection lacks substantive merit irrespective of the limitations bar.